IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DR. LAURA J. HATCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-407-DRH-SCW |
| | ) | |
| RITA CHENG, in her individual capacity | ) | |
| and the BOARD OF TRUSTEES OF | ) | |
| SOUTHERN ILLINOIS UNIVERSITY, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff Dr. Laura J. Hatcher by and through her attorneys Rhode & Jackson, PC, and for her Complaint states as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment, injunctive relief, and damages to redress unlawful sex discrimination and retaliation as well as deprivation of rights of due process under the Fourteenth Amendment.

2. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII"), as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a, 1983 and 1988.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) for violation of Plaintiff's federal rights as provided in 42 U.S.C. §§ 2000e et seq., 1983 and 1988.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), in that all or substantially all of the events or omissions giving rise to the claims occurred in the Southern

District of Illinois.

5.     Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and was issued a Right to Sue Notice by the United States Department of Justice dated March 22, 2013; a copy of which is attached hereto as Exhibit A. This Complaint is filed within ninety (90) days thereafter.

## PARTIES

6.     Plaintiff Dr. Laura J. Hatcher ("Hatcher") is a female citizen of the United States who resides in Carbondale, Illinois.

7.     Hatcher is currently an Assistant Professor at Southern Illinois University at Carbondale ("SIU").

8.     Defendant Rita Cheng ("Cheng") is currently the Chancellor of SIU at the Carbondale campus, but is being sued only in her individual capacity.

9.     Defendant Board of Trustees of Southern Illinois University is a body politic and corporate of the State of Illinois created to manage campuses within the SIU system; including the Carbondale campus where Hatcher is employed.

10.    SIU is an employer within the definition of Title VII.

## FACTUAL ALLEGATIONS

11.    Hatcher was hired in July 2006 by SIU, as a tenure track Assistant Professor in the Department of Political Science ("Department"), in the College of Liberal Arts ("COLA").

12.    Hatcher began her teaching assignments with Fall Semester 2006.

13.    As a tenure track Assistant Professor, Hatcher began her tenure review process in October 2011.

14. If granted tenure, Hatcher would have been tenured beginning with Fall Semester 2012.

15. If denied tenure, Hatcher's final year of employment at SIU would end in May 2013.

16. If a faculty member obtains tenure, her employment at SIU may only be terminated for just cause.

17. During the tenure process, Hatcher received a majority of positive votes for tenure from the faculty in her Department.

18. The Chair of the Department recommended Hatcher for tenure.

19. The tenure committee of COLA voted in favor of tenure for Hatcher.

20. The Dean of COLA, Dr. Kimberly Kempf-Leonard ("Kempf-Leonard"), ignored the positive votes and recommended against tenure for Hatcher.

21. During the same time frame, Kempf-Leonard recommended tenure for a male assistant professor in Hatcher's Department with substantially less qualifications and who also received less positive departmental votes in favor of tenure than did Hatcher.

22. Dr. John Nicklow ("Nicklow"), Provost of SIU, sent a letter to Hatcher on March 1, 2012 denying her application for tenure.

23. During this same time period, Nicklow recommended in favor of all male faculty in Hatcher's Department who were considered for tenure.

24. In accordance with SIU policy, "primary responsibility for evaluation of the academic qualifications of candidates for tenure rests with the faculty".

25. Both Kempf-Leonard and Nicklow ignored the vote of the Department faculty.

26. The first doctoral degree awarded to a Political Science student occurred in 1961.

27. Only one woman has ever been tenured in the history of the Department.

28. Since the mid-1990's, only ten (10) women have been in tenure-track positions in the Department.

29. Hatcher is the first female in a tenure-track position in the Department since the late 1990's to even be considered for tenure.

30. During this same time frame, nineteen (19) men have been in tenure-track positions in the Department.

31. Of those nineteen (19) men, eight (8) were considered for tenure and all eight (8) were given tenure.

32. Because Hatcher was denied tenure, she was placed on a term appointment for the 2012-2013 school year and her employment with SIU will end in May 2013.

33. Hatcher filed her EEOC charge of discrimination based on sex discrimination on October 3, 2012.

34. Subsequent to filing her charge with the EEOC, Hatcher appealed the denial of her tenure pursuant to SIU's Grievance Procedure for Faculty ("Grievance Procedure").

35. On October 12, 2012, Hatcher's appeal was heard by the Judicial Review Board ("JRB").

36. The JRB consists of twelve members who are full professors not currently serving or having had served, in an administrative position during the three (3) years prior to their appointment to the JRB.

37. Hatcher's grievance was heard by a randomly chosen panel of five (5) members of the JRB.

38. During his testimony at Hatcher's hearing, Nicklow told the panel that Hatcher had filed a charge of discrimination with the EEOC.

39. On October 18, 2012, the JRB panel unanimously rendered its decision finding that Hatcher should be awarded promotion to associate professor with tenure.

40. In the JRB panel's decision, reference was made to testimony by a male colleague in Hatcher's department that Hatcher was subjected to a hostile work environment because she made a report of sexual harassment against a male faculty member as she was mandated to do under SIU's sexual harassment policy.

41. The JRB panel's decision was to be substituted for Nicklow's determination.

42. The JRB panel's finding was forwarded to Cheng on October 29, 2012.

43. On November 27, 2012, Cheng overturned the JRB panel's finding.

44. Cheng's asserted reasons for overturning the JRB panel's decision to grant Hatcher promotion with tenure were a pretext in an attempt to create a defense for Defendant to Hatcher's underlying charge of sex discrimination.

## COUNT I
**(Sex Discrimination by Defendant Board of Trustees)**

45. By the conduct described above, Defendant intentionally discriminated against Plaintiff by applying different terms, conditions, and privilege of her employment toward her because of her sex.

46. As a result of Defendant's unlawful and willful acts complained of herein, Plaintiff has and will continue to suffer loss of wages, benefits, and other compensation.

47. As a result of Defendant's unlawful and willful acts complained of herein, Plaintiff has and will continue to suffer humiliation, embarrassment, emotional distress, and loss of enjoyment of life.

WHEREFORE, Plaintiff Dr. Laura J. Hatcher requests judgment as follows:

(A) For economic damages including, but not limited to, loss of back and front pay in an amount to be proven at trial;

(B) For non-economic damages including, but not limited to, emotional distress, humiliation, and loss of enjoyment of life in an amount to be proven at trial;

(C) For pre-judgment interest;

(D) For reasonable attorneys' fees and costs of suit; and

(E) For such other and further relief as the Court deems just and proper.

## COUNT II
### (Retaliation by Defendant Board of Trustees)

48. By the conduct described above, Defendant intentionally retaliated against Plaintiff for engaging in protected activity under Title VII of the Civil Rights Act of 1964.

49. As a result of Defendant's unlawful and willful retaliatory acts complained of herein, Plaintiff has and will continue to suffer loss of wages, benefits, and other compensation.

50. As a result of Defendant's unlawful and willful acts complained of herein, Plaintiff has and will continue to suffer humiliation, embarrassment, emotional distress, and loss of enjoyment of life.

WHEREFORE, Plaintiff Dr. Laura J. Hatcher requests judgment as follows:

(A) For economic damages including, but not limited to, loss of back and front pay in an amount to be proven at trial;

(B)   For non-economic damages including, but not limited to, emotional distress, humiliation, and loss of enjoyment of life in an amount to be proven at trial;

(C)   For pre-judgment interest;

(D)   For reasonable attorneys' fees and costs of suit; and

(E)   For such other and further relief as the Court deems just and proper.

## COUNT III
**(Deprivation of Rights under 42 U.S.C. § 1983 against Defendant Cheng, individually)**

51.   Cheng reviewed and approved Nicklow's March 1, 2012 letter denying Hatcher tenure before it was sent to Hatcher.

52.   When Cheng overturned the JRB panel's finding that Hatcher should be tenured, Cheng was reaffirming the decision that she had previously approved.

53.   Cheng's action denied Hatcher a non-bias review of the denial of tenure by Kempf-Leonard and Nicklow.

54.   Cheng's actions were knowing and willful.

55.   Cheng's actions intentionally denied Hatcher her constitutional right to due process in violation of 42 U.S.C. § 1983.

56.   Cheng's actions were taken with reckless disregard for Hatcher's constitutional right to due process.

WHEREFORE, Plaintiff Dr. Laura J. Hatcher requests judgment in her favor and against Defendant Cheng as follows:

(A)   Compensatory damages including emotional distress, humiliation, and loss of enjoyment of life in the amount of $1,000,000.00;

(B)   Punitive damages for the willful violation of Plaintiff's constitutional right to due

        process in the amount of $1,000,000.00;

(C)    For reasonable attorneys' fees under 42 U.S.C. § 1988; and

(E)    For such other and further relief as the Court deems just and proper.

        Respectfully submitted,
        Dr. Laura J. Hatcher, Plaintiff

By:    s/Shari Rhode
        Shari Rhode, one of Plaintiff's Attorneys
        Attorney(s) for Plaintiff
        Shari R. Rhode, #2324598
        Cassie R. Koran do #6304854
        Rhode & Jackson, PC
        1405 West Main Street
        Carbondale, IL  62901
        Telephone:  618.529.8092
        Facsimile:   618.529.8582
        Email: srhode@rhodeandjackson.com
              ckorando@rhodeandjackson.com