# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DR. LAURA J. HATCHER,**

**Plaintiff,**

v.

**RITA CHENG, in her individual capacity, and the BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY, and DR. KIMBERLY KEMPF-LEONARD, in her individual capacity,**

**Defendants.**  Case No. 13-cv-407-DRH-SCW

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is plaintiff Dr. Laura J. Hatcher's motion to strike defendants' motions to dismiss and supporting memoranda (Doc. 33). For the reasons stated below, plaintiff's motion is **GRANTED** and thus defendants' motions and supporting memoranda are hereby **STRICKEN** (Docs. 27, 28, 29, 30, 31, and 32).

Plaintiff brings suit against three separate defendants: Rita Cheng, the Board of Trustees of Southern Illinois University, and Dr. Kimberly Kempf-

Leonard. Defendants, represented by the same counsel, have filed three separate motions to dismiss the respective counts against them, in addition to three separate briefs in support (Docs. 27, 28, 29, 30, 31, and 32). Plaintiff moves to strike these motions and memoranda as they collectively violate the Local Rules of this District. *See* SDIL-LR 7.1(d) ("No brief shall be submitted which is longer than 20 double-spaced typewritten pages in 12 point font. . . . Requests for additional pages are not allowed").

Defendants' separate briefs each note awareness of the undersigned's distaste for the filing of briefs which attempt to circumvent the Local Rules of this District. However, defendants note that they have a "right" to file separate briefs in support of their separately filed motions to dismiss plaintiff's single amended complaint which collectively exceed 20 pages in length.

To concisely summarize this Court's opinion on the subject, a committee of lawyers drafted the Local Rules of this District. The Seventh Circuit then ensured that they do not conflict with the FEDERAL RULES OF CIVIL PROCEDURE. American jurisprudence then reserves the task of interpreting these rules with judges such as the undersigned. In this judge's opinion, defendants' filings violate the Local Rules of this District. Defendants could have moved to file a single brief in excess of 20 pages. Provided defendants demonstrated justification for so moving, the undersigned may have even granted such a request. Instead, defendants decided to file separate motions and briefs which collectively exceed the imposed page

limit. Frankly, the filing of motions and briefs in this manner in a case such as this one is inefficient, exceedingly tedious, and leads to a waste of judicial resources. This waste is obviously compounded in this instance as defendants' filings prompted plaintiff's motion to strike, to which defendants then filed a 6 page response, which then of course resulted in the necessity of this Order. In conclusion, plaintiff's motion to strike is **GRANTED** (Doc. 33). Defendants' motions and briefs are **STRICKEN** (Docs. 27, 28, 29, 30, 31, and 32). Should defendants again seek dismissal of plaintiff's amended complaint, they are granted leave to re-file their arguments in one single brief, which shall not exceed **20 pages** excluding the certificate of service, by **January 3, 2014**.

**IT IS SO ORDERED.**

Signed this 18th day of December, 2013.

David R. Herndon
2013.12.18
16:33:45 -06'00'

**Chief Judge**
**U. S. District Court**