IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURA J. HATCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-407-NJR-SCW |
| | ) |
| BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a Motion to Reconsider filed by Plaintiff, Laura Hatcher, on August 8, 2014 (Doc. 72). In particular, Plaintiff asks the Court to reconsider its previous Order (Doc. 70), wherein Counts 2 and 4 of Plaintiff's first amended complaint were dismissed with prejudice and without leave to amend. Plaintiff requests that the dismissal be modified to a dismissal without prejudice and that she be granted leave to file a second amended complaint. For the reasons stated below, Plaintiff's motion to reconsider is denied.

## BACKGROUND

Plaintiff filed her original three-count civil rights complaint against Defendant Board of Trustees of Southern Illinois University and Rita Cheng on April 26, 2013 (Doc. 2). Defendants moved to dismiss all three counts, and Plaintiff filed a response in opposition to the motion to dismiss (Docs. 8, 12). On August 6, 2013, five days after

Plaintiff filed her response to the motion to dismiss, the Court entered a scheduling order giving Plaintiff until October 30, 2013, to amend her complaint (Doc. 16). One day shy of the deadline to amend and before the Court had ruled on Defendant's motion to dismiss, Plaintiff filed a motion seeking leave to amend her complaint (Doc. 20). The motion was granted, and Plaintiff filed her first amended complaint on November 26, 2013, alleging the same three counts that were in the original complaint, and adding a fourth count against Kimberly Kempf-Leonard (Doc. 22).

Defendants filed a motion to dismiss the first amended complaint on December 23, 2013, and Plaintiff filed a response in opposition, as well as two supplements to her response (Docs. 39, 41, 56, 63). Months ticked by without a ruling on the motion to dismiss, and the case was reassigned to the undersigned on May 20, 2014. Upon reassignment, Defendants' motion to dismiss the amended complaint was set for hearing on July 28, 2014 (Doc. 53). Following the motion hearing, the Court issued an order granting in part and denying in part Defendants' motion to dismiss the first amended complaint (Doc. 70). Counts 2, 3, and 4 were dismissed with prejudice, and Rita Cheng and Kimberly Kempf-Leonard were terminated as Defendants (Doc. 70). The only claim that survived was Plaintiff's claim for sex discrimination against Defendant Board of Trustees (Count 1). The Court gave the parties one month to file dispositive motions on the sex discrimination claim.

Plaintiff responded to this setback by asking the Court to reconsider the dismissal

of Counts 2 and 4 and allow her to amend her complaint a second time (Doc. 72).[1] She did not submit a proposed second amended complaint with her motion.

## DISCUSSION

### A. Legal Standard

Where, as here, a party seeks reconsideration not of a final judgment, but of an interlocutory order, the motion is properly considered under Federal Rule of Civil Procedure 54(b).  FED. R. CIV. P. 54(b); *Galvan v. Norberg,* 678 F.3d 581, 587 n.3 (7th Cir. 2012).  Rule 54(b) provides that an interlocutory order that does not adjudicate all claims involving all parties to a suit "may be revised at any time before the entry of judgment."  FED. R. CIV. P. 54(b).  Motions to reconsider an interlocutory order under Rule 54(b) are governed by the law of the case doctrine.  *Santamarina v. Sears, Roebuck & Co.,* 466 F.3d 570, 571–72 (7th Cir. 2006); *Pickett v. Prince,* 207 F.3d 402, 407 (7th Cir. 2000) ("Unlike the case in which a *judgment* is sought to be vacated . . . a motion to reconsider a *ruling* is constrained only by the doctrine of the law of the case.")  "[T]he law of the case doctrine embodies the notion that a court ought not to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination."  *Minch v. City of Chi.,* 486 F.3d 294, 301 (7th Cir. 2007).

### B. Analysis

Plaintiff is asking the Court to reconsider the dismissal of Counts 2 and 4 based on what she considers to be an error.  As noted above, the Court dismissed those Counts with prejudice and without leave to amend.  Plaintiff argues that she should be given

---

[1] Plaintiff does not ask the Court to reconsider the dismissal of Count 3 (*See* Doc. 72).

an opportunity to cure the pleading defects (Docs. 72, 80). After reviewing its previous order, as well as the parties' submissions, the Court concludes that Plaintiff has failed to provide a compelling reason why it should reexamine its earlier ruling, and there was no manifest error in its decision to dismiss Counts 2 and 4 with prejudice and without leave to amend.

Plaintiff suggests that the Court should not have dismissed her claims with prejudice because she is entitled to amend her complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1). Plaintiff is incorrect. It is well-established that, because Plaintiff had already filed one amended complaint, her right to amend as a matter of right was extinguished. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 347 (7th Cir. 2012); *Fleming v. Rhymer*, 79 F.3d 1150 (7th Cir. 1996) ("Fleming had already amended his complaint once, and under Rule 15(a) was allowed to amend his complaint again only by leave of the court or by written consent of the adverse party."); *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 203 (7th Cir.1985). Even if that was not true, and Plaintiff could file her second amended complaint as a matter of right, that right terminated twenty-one days after she was served with Defendants' first motion to dismiss. *See* FED. R. CIV. P. 15(a)(1). Therefore, Plaintiff was allowed to amend again only with leave of Court.[2] FED. R. CIV. P. 15(a)(2); *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 819 (7th Cir. 2013) ("Rule 15(a) says that a party may amend its complaint once as a matter of course. After that, leave to amend depends on persuading the judge that an

---

[2] Plaintiff could also amend her complaint with the written consent of the opposing party, but it is clear that Defendants will not give their consent (*See* Doc. 78). FED. R. CIV. P. 15(a)(2).

amendment would solve outstanding problems without causing undue prejudice to the adversaries.")

Rule 15(a)(2) provides that courts should "freely give leave when justice so requires," but "that does not mean it must always be given." FED. R. CIV. P. 15(a)(2); *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009). Additionally, in situations such as this, where a plaintiff seeks leave to amend the complaint after the deadline for doing so as provided in the scheduling order, the plaintiff has to show more than the interests of justice require permitting the plaintiff to amend the complaint. *See Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). The plaintiff also must make a heightened showing of good cause to justify modifying the time limit for filing amended pleadings. *Adams*, 742 F.3d at 734 (citing *Alioto*, 651 F.3d at 719).

At no point in this litigation—neither at the time the Court dismissed Counts 2 and 4, nor in the motion to reconsider that is presently before the Court—has Plaintiff shown good cause for modifying the scheduling order or that the interests of justice required permitting her to amend the complaint for a second time.

The Court turns first to Count 4 of the first amended complaint, in which Plaintiff claimed that Defendant Kimberly Kempf-Leonard violated her First Amendment rights by retaliating against her for exercising his freedom of speech. Plaintiff argues that the Court erred in dismissing this claim because it went beyond addressing the adequacy of her pleading and assessed the sufficiency of the evidence supporting her claim (Doc. 72). This argument turns a blind eye to the Supreme Court's decision in *Garcetti v. Caballos*,

547 U.S. 410 (2006) and its progeny. Pursuant to that line of cases, an essential element of Plaintiff's claim is not just that she was engaged in protected speech, but that she was speaking "as a citizen on a matter of public concern," rather than speaking as a public employee in the course of her job responsibilities. *Garcetti*, 547 U.S. at 418, 421–22; *Abcarian v. McDonald*, 617 F.3d 931, 937 (7th Cir. 2010); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1091 (7th Cir. 2008). A natural reading of the allegations in Plaintiff's amended complaint indicates that she spoke while discharging the responsibilities of her position, not as a member of the general public (*See* Doc. 22, ¶¶ 41, 58, 59, 62, 64). Plaintiff does not dispute this conclusion, or even assert that she was speaking as a citizen outside the duties of her employment. Simply put, Plaintiff pleaded herself out of court on this claim.

The Court next turns to Count 2 of the first amended complaint, in which Plaintiff claimed that Defendant Board of Trustees retaliated against her for engaging in an activity protected by Title VII. Plaintiff argues that the Court erred in dismissing this claim because she had no reason to know that it was insufficiently pled until the Court ruled on Defendants' motion to dismiss her amended complaint (Doc. 80). She further explains that "because the Court did not identify the pleading flaws until August 7, 2014, Plaintiff has not had an opportunity to correct the flaws by adding additional facts in Count 2" (Doc. 72).

Plaintiff's explanation does not pass muster. Plaintiff's insinuation that her hands were tied until the Court ruled on the motion to dismiss is simply untrue. By the Court's count, Plaintiff had three opportunities to plead Count 2 to state a claim upon

which relief could be granted. Plaintiff obviously could have included the necessary allegations from the outset. She also had the opportunity to amend Count 2 as a matter of course within twenty-one days after Defendants pointed out the shortcomings in their motion to dismiss the original complaint. However, Plaintiff did not see "the wisdom of amending to meet the arguments in the motion." FED. R. CIV. P. 15, Advisory Committee Notes to 2009 Amendment. Additionally, after Defendants' motion to dismiss the original complaint was fully briefed, Plaintiff took advantage of her ability to amend the complaint with leave of court. Yet she made no attempt to address the deficiencies in Count 2 when she filed her first amended complaint. Instead, she waited another nine months—until after discovery had closed, litigation was proceeding to summary judgment, and the Court confirmed the deficiencies that were apparent on the face of the complaint from the outset (which also had been pointed out to her by Defendants on two occasions)—to try to amend.

The Court need not grant further leave to amend Count 2 when Defendants would be unduly prejudiced at this late stage of the litigation, and Plaintiff had multiple opportunities to state a claim upon which relief may be granted, but repeatedly failed to do so. *See Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 759 (7th Cir. 2002); *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 347 (7th Cir. 2012). *See also Park v. Indiana Univ. Sch. of Dentistry*, 2011 WL 1792717, at *2 (S.D. Ind. May 9, 2011) ("Under the amended version of Rule 15(a), [Plaintiff] does not have the right to sit back, let the Court explain the shortcomings of her Complaint, and then take a mulligan and amend her Complaint.")

Furthermore, Plaintiff has done nothing to convince the Court that further amendment would not be futile. She did not provide the Court with a draft of her proposed second amended complaint, nor did she specifically describe what she planned to allege to cure the deficiencies in Counts 2 and 4. "District judges are not mind readers," and without some explanation from Plaintiff, the Court cannot meaningfully assess whether the amendment would cure the deficiencies in the amended complaint or survive a third motion to dismiss. For this reason alone, the Court was justified in dismissing her claims with prejudice and without leave to amend her complaint for a second time. *See Arlin-Golf, LLC, v. Village of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011 (affirming dismissal of complaint with prejudice and without leave to amend, in part, because plaintiffs did not present a proposed amended complaint); *James Cape & Sons Co. v. PCC Const. Co.*, 453 F.3d 396, 401 (7th Cir. 2006) (affirming dismissal of complaint with prejudice where the district court "had no way of knowing what the proposed amendment entailed"); *Doe v. Howe Military Sch.*, 227 F.3d 981, 989-90 (7th Cir. 2000) ("District courts do not have to engage in guessing games about proposed amendments, and the judge here was well within his discretion to deny this motion."); *Harris v. City of Auburn,* 27 F.3d 1284, 1287 (7th Cir.1994) ("[T]he failure to tender an amended complaint with a motion to alter judgment may indicate a lack of diligence or good faith.").

## CONCLUSION

Plaintiff Laura Hatcher's Motion to Reconsider (Doc. 72) is **DENIED**, and the Court declines to grant Plaintiff leave to file a second amended complaint.

**IT IS SO ORDERED.**

**DATED:** October 24, 2014

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**
