# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DR. LAURA J. HATCHER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 13-CV-407-SMY-SCW |
| BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY, | ) ) ) ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

Pending before the Court are the motions *in limine* filed by Plaintiff (Doc. 149) and Defendant (Docs. 150).

The purpose of a motion *in limine* is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"). It serves to "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996).

Motions *in limine* also may save the parties time, effort, and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.*, 932 F. Supp. 220, 222 (N.D. Ill. 1996). Often, however, the better practice is to wait until trial to rule on

objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997).

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Moreover, the court may alter an *in limine* ruling based on developments at trial or sound judicial discretion. *Luce*, 469 U.S. at 41. "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Denial only means that the court cannot decide admissibility outside the context of trial. *Plair*, 864 F. Supp. at 69.

A court may reserve judgment until trial, so that the motion *in limine* is placed "in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287. Stated another way, motion *in limine* rulings are "subject to change when the case unfolds" at trial. *Luce*, 469 U.S. at 41. Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. The Court should exclude evidence on a motion *in limine* "only when the evidence is clearly inadmissible on all potential grounds." *Jonasson,* 115 F.3d at 440.

With these principles in mind, the Court rules as follows.

**Plaintiff's Motion *in Limine:***

- Plaintiff's Motion *in limine* No. 1 – Plaintiff moves to exclude any argument or the presentation of any evidence that Chancellor Cheng's decision to reverse the decision of the Judicial Review Board which unanimously recommended that plaintiff be granted both tenure and promotion is entitled to institutional deference. The motion is **GRANTED** and Defendant is prohibited from making any argument or suggesting by insinuation or innuendo that Cheng's decision is entitled to any deference.

- Plaintiff's Motion *in limine* No. 2 – Plaintiff moves to exclude any argument concerning the presentation of the contents of the Judicial Review Board's written findings and recommendations for the grievance appeal of Professor Jarlen Don or Chancellor Cheng's reasons therefor. The motion is **taken under advisement**.

- Plaintiff's Motion *in limine* No. 3 – Plaintiff moves to exclude any argument or the presentation of any evidence regarding the procedural history of plaintiff's application for tenure and promotion other than the material that Chancellor Cheng reviewed before reversing the unanimous decision of the Judicial Review Board. The motion is **DENIED** subject to appropriate objections at trial. Defendant shall notify the Court before seeking to introduce any evidence pertaining to the procedural history.

**Defendant's Motions *in Limine*:**

- Defendant's Motion *in limine* No. 1 – Defendant moves to bar Plaintiff and any witnesses called by Plaintiff from mentioning to the jury or introducing into evidence any matters relating to Plaintiff's claims that have been disposed of by prior Court orders, including any claim that the University (or any administrator) discriminated against Plaintiff on the basis of her gender, denied Plaintiff due process, or retaliated against Plaintiff on the basis of activity protected under the First Amendment. The motion is **DENIED as vague.**

- Defendant's Motion *in limine* No. 2 – Defendant moves to bar Plaintiff and any witnesses called by Plaintiff from mentioning to the jury or introducing into evidence any matters relating to information regarding the educational or employment experiences at the University of persons other than Plaintiff. The motion is **GRANTED** without objection.

- Defendant's Motion *in limine* No. 3 – Defendant moves to bar Plaintiff and any witnesses called by Plaintiff from mentioning to the jury or introducing into evidence any matters relating to statements that Dr. Cheng was required to accept the recommendation of the JRB to award Plaintiff tenure. The motion is **taken under advisement**.

- Defendant's Motion *in limine* No. 4 – Defendant moves to bar Plaintiffs and any witnesses called by Plaintiff from mentioning to the jury or introducing into evidence any matters relating to opinions about the alleged motives of University administrators. As this case involves a claim for retaliation, the motion is **DENIED**.

- Defendant's Motion *in limine* No. 5 – Defendant moves to bar Plaintiffs and any witnesses called by Plaintiff from mentioning to the jury or introducing into evidence any matters relating to opinions of "experts" or other witnesses not identified by Plaintiff in her Interrogatory Answers and Rule 26 Disclosures. The motion is **DENIED** as it relates to Mr. Hoops.

- Defendant's Motion *in limine* No. 6 – Defendant moves to bar Plaintiffs and any witnesses called by Plaintiff from mentioning to the jury or introducing into evidence any matters relating to Plaintiff's membership in a union, and the union's grievances and other efforts made on Plaintiff's behalf. The motion is **DENIED as vague.**

- Defendant's Motion *in limine* No. 7 – Defendant moves to bar Plaintiffs and any witnesses called by Plaintiff from mentioning to the jury or introducing into evidence any matters relating to alleged emotional distress damages. The motion is **DENIED**.

- Defendant's Motion *in limine* No. 8 – Defendant moves to bar Plaintiffs and any witnesses called by Plaintiff from mentioning to the jury or introducing into evidence any matters relating to settlement discussions. The motion is **GRANTED** without objection.

- Defendant's Motion *in limine* No. 9 – Defendant moves to bar Plaintiffs and any witnesses called by Plaintiff from mentioning to the jury or introducing into evidence any matters relating to prior employment of Plaintiff's counsel as a United States District Judge and as in-house counsel for the University. The motion is **GRANTED** without objection.

**IT IS SO ORDERED.**

**DATED: April 4, 2018**

           <u>s/ Staci M. Yandle</u>
           **STACI M. YANDLE**
           **United States District Judge**