UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURA J. HATCHER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:13-cv-00407-SMY-SCW |
| BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on three pretrial motions: Plaintiff Laura Hatcher's Motion *in Limine* #2 (Doc. 149), Defendant Board of Trustees of Southern Illinois University's Motion *in Limine* #3 (Doc. 150) and Defendant's Motion to Strike Expert Thomas L. Hoops (Doc. 161). For the reasons below, Plaintiff's MIL #2 is **GRANTED IN PART AND DENIED IN PART**, Defendant's MIL #3 is **GRANTED** and Defendant's Motion to Strike is **DENIED**.

### Plaintiff's Motion in Limine 2

Plaintiff's MIL #2 seeks an order "[t]o foreclose any argument concerning or the presentation of the contents of the Judicial Review Board's written findings and recommendations for the grievance appeal of Professor Jarlen Don or Chancellor Cheng's reasons therefor." According to the parties' filings and arguments made at the Final Pretrial Conference, Dr. Don was a tenured associate professor who was denied a promotion to full professor at Southern Illinois University in 2011 on a decision by Vice Chancellor John Koropchak, acting as Provost. Dr. Don submitted a grievance over the denial to the Judicial Review Board ("JRB"), which unanimously recommended overturning Koropchak's decision

and implementing Dean Kolb's recommendation that Dr. Don be awarded full professor status. Chancellor Rita Cheng subsequently chose not to accept the JRB's recommendation and affirmed the denial of Dr. Don's promotion.

In June 2014, Defendant produced a spreadsheet to Plaintiff in association with answers to interrogatories. The spreadsheet gives a summary of faculty whose denial of tenure and/or promotion was submitted to the JRB, the JRB's recommendation and Chancellor Cheng's subsequent decision on the matter. (Doc. 155-1). Dr. Don's case was among those listed.

In January 2018, Defendant made a "supplemental production" of documents to Plaintiff relating to Dr. Don's case, specifically the JRB's written Findings and Recommendations and Chancellor Cheng's subsequent letter overriding the JRB's conclusion and denying the promotion. The supplemental discovery deadline was January 20, 2017. (Doc. 131).

Plaintiff seeks to bar the introduction of the documents produced and any reference to the contents of those documents. The written MIL references the late disclosure of these documents. During the Final Pretrial Conference, Plaintiff's counsel also argued that Dr. Don's case was irrelevant to the issues in this case, both because his was a promotion case (as opposed to promotion and tenure) and because he had not filed an Equal Employment Opportunity Commission complaint regarding his denial.

The Court finds that the facts and circumstances surrounding Dr. Don's promotion decision are substantially similar to those surrounding the decision on Plaintiff's tenure so that they are probative and relevant to the question of whether Plaintiff was treated differently because she filed an EEOC claim. As such, testimony and argument regarding the Don matter may be admissible, subject to appropriate foundation and objections at during trial.

However, the Don JRB Memorandum and Chancellor Cheng's subsequent letter denying

Don's promotion, are excluded as there has been no explanation for their late disclosure. Not only were they produced approximately a year after the last discovery deadline, they were produced after the dispositive motion had been submitted, argued and ruled upon. Under *F.R.C.P.* 37(c)(1), the Court may exclude materials not timely produced in accordance with a party's duty to timely disclose or supplement its discovery responses. The motion is therefore **GRANTED IN PART** as to the actual documents, and **DENIED IN PART** otherwise.[1]

### Defendant's Motion in Limine 3

Defendant's MIL #3 seeks to prohibit Plaintiff or any of her witnesses from mentioning, arguing or introducing evidence that Chancellor Cheng was required to accept the recommendation of the JRB to award tenure to Plaintiff. As discussed at the Final Pretrial Conference, whether such evidence or arguments are proper depends on the interpretation of relevant provisions of the Collective Bargaining Agreement ("CBA") in force at the time. As such, whether Chancellor Cheng was required to accept the JRB's recommendation is a question of law for the Court's determination.

Upon review and examination of the CBA, the Court finds that the CBA did not require the Chancellor to automatically accept the recommendation of the JRB. Section 13.01(j) provides that the Chancellor make a decision "based upon the JRB's report, supporting documents, and in cases where the Chancellor chooses to review the testimony, the tape recording of the hearing." It also provides that the JRB's decision "shall replace the decision of the Provost and Vice Chancellor that is being appealed. The Chancellor shall treat the JRB panel decision in the same manner as she/he treats similar decisions of the Provost and Vice

---

[1] In light of this ruling, the Court's ruling on Defendant's MIL#2 is revised to bar such evidence or information as to other employees other than Dr. Don.

Chancellor." However, the very next section (13.01(k)) is sets forth the procedure that is triggered if and when the Chancellor "does not accept a recommendation of the JRB that is favorable to the Faculty member[.]" This very clearly contemplates a world where Chancellor Cheng was more than a rubber stamp for the JRB's conclusions. The motion is therefore **GRANTED** as to any evidence or suggestion to the jury that she was required to adhere to the decision of the JRB, as it would clearly be confusing or misleading.

### Defendant's Motion to Strike Expert Thomas Hoops

Finally, Defendant has moved to strike Plaintiff's proffered expert witness, Thomas Hoops. Defendant claims that Plaintiff's disclosure of Hoops, his original report and his supplemental report were untimely, that his reports were not compliant with *F.R.C.P.* 26(1)(2), and that his testimony does not meet the standard for admissible expert testimony under F.R.E. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc..* 509 U.S. 579 (1993).

This is essentially a *Daubert* motion to exclude expert testimony combined with a request for sanctions for failure to follow the rules of discovery and the scheduling plan. However, to be timely, such motions should have been made at or before the dispositive motion deadline(s)—September 9, 2014 (Doc. 70) prior to the appeal in this case or at the very latest the March 10, 2017 deadline set after the case was remanded (Doc. 131). Hoops was clearly known to Defendant as a potential expert witness since his first report was disclosed in February 2014. The time for challenging the timeliness and propriety of his reports or his methodology was long before the final stages of pretrial.

Moreover, Plaintiff's failure to include Hoops on her initial Rule 26(a)(3) disclosures' list of witnesses appears to have been inadvertent and was clearly not prejudicial. Hoops' reports were included in the listing of potential exhibits, which would lead a reasonable litigator to

anticipate that he would be called as a witness. For these reasons, Defendant's Motion to Strike is **DENIED.**

**IT IS SO ORDERED.**

**DATED: April 5, 2018**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE
United States District Judge**