UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURA J. HATCHER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:13-cv-00407-SMY-SCW |
| | ) |
| BOARD OF TRUSTEES OF | ) |
| SOUTHERN ILLINOIS UNIVERSITY | ) |
| | ) |
|     Defendant. | ) |

**FINAL PRETRIAL ORDER**

**I.   COUNSEL OF RECORD**

   **Attorneys for Plaintiff:**

      Shari Rhode
      Rhode Law Firm
      1405 West Main Street
      Carbondale, IL 62901
      (618) 549-4287
      srhode@rhodelawfirm.com

      G. Patrick Murphy
      Murphy & Murphy LLC
      3415 Office Park Drive, Suite D
      Marion, IL 62959
      (618) 248-3236
      gpatrick@murphymurphyllc.com

   **Attorneys for Defendant:**

      Ian P. Cooper
      Jenna M. Lakamp
      TUETH KEENEY COOPER
      MOHAN & JACKSTADT, P.C.
      34 N. Meramec Ave., Suite 600
      St. Louis, MO 63105
      (314) 880-3600
      icooper@tuethkeeney.com
      jlakamp@tuethkeeney.com

**II.   NATURE OF THE CASE**

Plaintiff claims that the University denied Plaintiff tenure in retaliation for her filing an EEOC Charge, in violation of Title VII of the Civil Rights Act of 1964. The University denies Plaintiff's claim.

### III. SUBJECT MATTER JURISDICTION

The basis for the Court's subject matter jurisdiction is 42 U.S.C. § 2000e, *et seq*., and 28 U.S.C. § 1331. Subject matter jurisdiction is not contested.

### IV. STIPULATED FACTS

The following facts are **not** disputed:

> Plaintiff submitted her application for tenure and promotion in the Fall of 2011, after five years of probationary employment as a faculty member at the University.
>
> In March of 2012, Provost John Nicklow recommended against awarding Plaintiff either tenure or promotion.
>
> On April 19, 2012, Plaintiff filed an internal grievance with a faculty committee called the Judicial Review Board ("JRB").
>
> On April 30, 2012, Chancellor Rita Cheng notified Plaintiff in writing that her application for tenure and promotion had been denied and that her employment with the University would come to an end on May 15, 2013.
>
> On October 5, 2012, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming the University discriminated against her on the basis of sex when she was denied tenure and promotion.
>
> On October 12, 2012, the JRB held a hearing regarding Plaintiff's grievance.
>
> On October 18, 2012, the JRB issued its written recommendation to Chancellor Rita Cheng.
>
> On November 27, 2012, Chancellor Cheng issued her written decision accepting, in part, and rejecting, in part, the JRB's recommendation.

### V. ISSUES

1. Issues of law for the Court to decide:

      a. Matters relating to jury instructions.

      b. Potentially, matters relating to Plaintiff's claims for back pay and front pay. In the event of a verdict in favor of Plaintiff on liability, Plaintiff intends to seek an award of back pay and front pay, both of which are equitable matters reserved to the Court.

      c. The University's Motions for Judgment as a Matter of Law.

2. Issues for the Jury to decide: Whether Plaintiff was denied tenure because she filed an EEOC Charge, and, if so, whether Plaintiff is entitled to an award of compensatory damages.

## VI. WITNESSES

Plaintiff states she will call the following witnesses:

    Laura Hatcher, Plaintiff

    Rita Cheng, former Chancellor of Southern Illinois University

    Jon Davey, one of the JRB panel members

    Aldo Migone, Professor and Grievance Committee Co-Chair of the University Faculty Association

    John Nicklow, former Provost and Vice Chancellor of Academic Affairs at the University

    Alice Noble-Allgire, Professor and Chair of the JRB

    Deborah Nelson, Associate General Counsel for the University

    Thomas L. Hoops, expert witness

Plaintiff states she may also call:

    Darren Callahan, a member of the JRB

    Linda McCabe Smith, former Associate Chancellor for Institutional Diversity at the University

    Tobin Grant, Professor and current chair of the Department of Political Science at the University

The University states it will call the following witnesses:

> Dr. Rita Cheng
>
> Dr. John Nicklow
>
> Dr. Kimberly Kempf-Leonard, former Dean of the College of Liberal Arts at the University

The University states it may also call the following witnesses:

> Dr. Susan Logue, former Associate Provost at the University
>
> Ms. Deborah Nelson
>
> Dr. Darren Sherkat, former Chair of the COLA promotion and tenure committee

## VII. EXHIBITS

A list of Plaintiff's proposed Exhibits was filed with her Rule 26(a)(3) disclosures on March 9, 2018.

A list of the University's proposed Exhibits was filed with its Rule 26(a)(3) disclosures on March 9, 2018.

The parties will bring their Rule 26(a)(3) disclosures and make any objections at the Final Pretrial Conference.

## VIII. DAMAGES

Plaintiff seeks back pay, front pay, and compensatory damages in the form of emotional distress damages. Plaintiff does not seek punitive or exemplary damages.

## IX. BIFURCATED TRIAL

The parties do not request a bifurcated trial. However, the University requests that any claims for equitable relief, such as claims for back pay or front pay, only be heard by the Court, if necessary, after the jury makes a determination on the issue of liability because such equitable matters must be decided by the Court and not by a jury. Plaintiff believes that all evidence should be heard by the jury at the same time.

## X. TRIAL BRIEFS

Plaintiff will not file a trial brief in this matter.

The University has filed a trial brief in this matter.

XI. **MOTIONS** *IN LIMINE*

Both parties have filed Motions *in limine* in this matter, which have been ruled upon by separate Orders.

Plaintiff's Motions *in Limine*

3. (*Opposed*) Any argument or the presentation of any evidence that Chancellor Cheng's decision is entitled to institutional deference;

4. (*Opposed*) Any argument concerning or the presentation of the contents of the Judicial Review Board's written findings and recommendations for the grievance appeal of Professor Jarlen Don or Chancellor Cheng's reasons therefore;

5. (*Opposed*) Any argument or the presentation of any evidence regarding the procedural history of plaintiff's application for tenure and promotion other than the material that Chancellor Cheng reviewed before reversing the unanimous decision of the Judicial Review Board.

The University's Motions *in Limine*

1. (*Opposed*) Plaintiff's claims that have been disposed of by prior Court orders, including any claim that the University (or any administrator) discriminated against Plaintiff on the basis of her gender, denied Plaintiff due process, or retaliated against Plaintiff on the basis of activity protected under the First Amendment;

2. (*Not Opposed*) Information regarding the educational or employment experiences at the University of persons other than Plaintiff;

3. (*Opposed*) Statements that Dr. Cheng was required to accept the recommendation of the JRB to award Plaintiff tenure;

4. (*Opposed*) Opinions about the alleged motives of University administrators;

5. (*Opposed*) Opinions of "experts" or other witnesses not identified by Plaintiff in her Interrogatory Answers and Rule 26 Disclosures;

6. (*Opposed*) Plaintiff's membership in a union, and the union's grievances and other efforts made on Plaintiff's behalf;

7. (*Opposed*) Alleged emotional distress damages;

8. (*Not opposed*) Settlement discussions; and

9. (*Not opposed*) Prior employment of Plaintiff's counsel as a United States District

Judge and as in-house counsel for the University.

## XII. JURY INSTRUCTIONS

The parties will provide draft jury instructions to the Court as directed by the Court.

## XIII. LIMITATIONS, RESERVATIONS AND OTHER MATTERS

A. **Trial Date.** Trial is set for April 9, 2018 through April 12, 2018.

B. **Length of Trial**. This matter is a jury trial. The probable length of trial is 4 days. The case will be listed on the trial calendar to be tried when reached.

C. **Number of Jurors.** There shall be a minimum of 6 jurors.

**IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on motion of counsel or *sua sponte* by the Court.

**DATED: April 5, 2018**

s/ Staci M. Yandle
STACI M. YANDLE, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

APPROVED AS TO FORM AND SUBSTANCE:

By: /s/ Shari R. Rhode (by consent)
ATTORNEY FOR PLAINTIFF

By: /s/ Ian P. Cooper
ATTORNEY FOR DEFENDANT